# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| LEI XU and LIANG LIU | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | **Hon. Dennis M. Cavanaugh** |
| | : | |
| MICHAEL CHERTOFF, Secretary of the | : | **OPINION** |
| Department of Homeland Security; | : | |
| EDUARDO AGUIRRE, Director of the | : | Civil Action No. 07-366 (DMC) |
| U.S. Citizenship & Immigration Services; | : | |
| PAUL NOVAK, Director of the U.S. | : | |
| Citizenship & Services, Vermont Service | : | |
| Center; ROBERT S. MUELLER, Director | : | |
| of the Federal Bureau of Investigation | : | |
| | : | |
| Defendants. | : | |
| | : | |

<u>DENNIS M. CAVANAUGH, U.S.D.J.</u>:

This matter comes before the Court upon motion by Michael Chertoff, Eduardo Aguirre, Paul Novak, and Robert S. Mueller ("Defendants") to dismiss the Complaint of Lei Xu and Liang Liu ("Plaintiffs") pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. No oral argument was heard pursuant to Rule 78 of the Federal Rules of Civil Procedure. After carefully considering the submissions of the parties, and based upon the following, it is the finding of this Court that Defendants' motion to dismiss is **denied**.

## I. BACKGROUND

*Pro se* Plaintiffs filed the complaint in this action on January 22, 2007 (the "Complaint"). The Complaint seeks to compel action on Plaintiffs' applications for permanent resident status.

On December 14, 2004, plaintiffs filed I-485 applications to adjust their statuses to that of permanent residents. (Comp. ¶¶ 2,11). The applications were filed by Plaintiff Lei Xu through her company lawyer with the Vermont Service Center. (Id. at ¶ 11). Plaintiffs allege that they have been through fingerprint processing, that the fingerprints were submitted to the United States Citizenship and Immigration Services ("U.S.C.I.S."), and that the fingerprints were cleared. (Id. at ¶ 11, 13). Plaintiffs' case has been forwarded to the Service Center to continue processing and Plaintiffs argue that they have furnished with the Serice Center sufficient information to determine their eligibility pursuant to the applicable requirements. (Id. at ¶¶ 13, 15).

Plaintiffs further allege that their attorney made a status inquiry with the U.S.C.I.S. on September 1, 2006, and received a response on October 23, 2006, indicating that the processing of the case was delayed due to security checks. (Id. at ¶ 12). Plaintiffs allege that their attorney made additional inquiries with U.S.C.I.S. on October 17, 2006, and December 12, 2006, and have yet to receive any response. (Id. at ¶ ¶ 13, 14.).

Plaintiffs allege that Defendants have "failed to adhere to their own regulations and have improperly delayed the process[ing]" of the Plaintiffs' applications, thereby depriving them of their rights under the Administrative Procedures Act ("APA"), 5 U.S.C. § 701, *et seq*. (Id. at ¶ ¶ 15, 19). Plaintiffs seek an order (a) requiring Defendants to adjudicate Plaintiffs' applications for adjustment of status; (b) requiring Defendants to provide Plaintiffs with a Notice of Approval; (c) Awarding Plaintiffs attorney's fees; and (d) granting other such relief at law and in equity as justice may require. (Id. at ¶ 21).

Defendants now move to dismiss the Complaint pursuant to Federal Rules of Civil

Procedure 12(b)(1) for lack of subject matter jurisdiction.

**II.    STANDARD FOR MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**

Under Federal Rule of Civil Procedure 12(b)(1) a defendant may move to dismiss a civil action for lack of subject matter jurisdiction.  Under Rule12(h)(3), the court is required to dismiss the action whenever it appears that the court lacks subject matter jurisdiction.  On a 12(b)(1) motion, the plaintiff bears the burden to prove that jurisdiction exists and "no presumptive truthfulness attaches to the plaintiff's allegations."  Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir.1977).

**III.    ANALYSIS**

The issue before this Court is whether subject matter jurisdiction exists to review the U.S.C.I.S.'s delay in processing I-485 applications.  The applications are governed by the Immigration and Nationality Act ("INA"), 8 U.S.C. §1255, which vests the Attorney General with broad discretion to adjust the status of aliens.  Plaintiffs argue that this Court has jurisdiction to hear this action pursuant to 28 U.S.C. § 1331, in conjunction with 28 U.S.C. § 1361, the Administrative Procedure Act ("APA"), the INA, and under 28 U.S.C. § 2201.  The issue is whether Defendants owe Plaintiffs a non-discretionary duty to process their applications within a reasonable period of time.  For the reasons set forth below, this Court finds Defendants' duty to Plaintiffs is non-discretionary, and so, jurisdiction is proper.

A.    *Jurisdiction Under the Mandamus Act*

Plaintiffs argue that this Court has mandamus jurisdiction under 28 U.S.C.§ 1361. Section 1361 provides that "the district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof

to perform a duty owed to the plaintiff." As the Supreme Court has held, the common-law writ of mandamus is intended to provide a remedy for a plaintiff only where the defendant "owes him a clear, nondiscretionary duty." Heckler v. Ringer, 466 U.S. 602, 617, 80 L. Ed. 2d 622, 104 S. Ct. 2013 (1984). The Third Circuit explained that "in order for mandamus to issue, a plaintiff must allege that an officer of the Government owes him a legal duty which is a specific, plain ministerial act devoid of the exercise of judgement or discretion." Harmon Cove Condo. Ass'n v. Marsh, 815 F.2d 949, 951 (3d Cir. 1987) (quoting Richardson v. United States, 465 F.2d 844, 849 (3d Cir. 1972) (en banc) (citations omitted), rev'd on other grounds, 418 U.S. 166 41 L. Ed. 2d 678, 94 S. Ct. 2940 (1974)).

Defendants argue that the mandamus statute does not apply because the adjustment of status is within the discretion of the Attorney General and is therefore not proper for mandamus jurisdiction. 8 U.S.C. § 1255 provides for the adjustment of status of a non-immigrant to that of a person admitted for permanent residence. Pursuant to the Act, the status of an alien may be adjusted "by the Attorney General, in his discretion and under such regulations as he may prescribe." 8 U.S.C. § 1255(a).

Whether mandamus jurisdiction is proper to review such claims is not well settled within this Circuit nor throughout the country. There exists no Third Circuit precedent on this issue and the decisions of the district courts have been largely divided. Compare Grinberg v. Swacina, 478 F. Supp. 2d 1350 (D. Fla. 2007) (finding no jurisdiction under the APA or mandamus statute because Defendants owe Plaintiffs a discretionary duty); Ge Zhang v. Dist. Dir., No. 07-362, 2007 U.S. Dist. LEXIS 27203 (D.N.J. June 19, 2007) (holding the court lacked subject matter jurisdiction because 8 U.S.C. § 1255(a) did not impose a time restriction upon the INS); Elzerw

v. Mueller, No. 07-166, 2007 U.S. Dist. LEXIS 30429 (E.D. Pa. Apr. 23, 2007) (finding no jurisdiction because the adjustment of status is wholly discretionary); with Pool v. Gonzales, No. 07-258, 2007 U.S. Dist. LEXIS 39946 (D.N.J. June 1, 2007) (holding jurisdiction was proper in large part due to the APA requirement that agencies  "proceed to conclude a matter presented to it" "within a reasonable time period" provided the court with subject matter jurisdiction); Loo v. Ridge, No. 04-cv-5553, 2007 U.S. Dist. LEXIS 17822 (E.D.N.Y. Mar. 14, 2007) (holding defendants are required to adjust status, and so, it does not fall at the discretion of defendants); Singh v. Still, 470 F. Supp. 2d 1064 (D. Cal. 2007) (noting Respondents had conceded that they had a mandatory duty to act on Plaintiffs I-485 applications)

This Court finds that Defendants have a non-discretionary duty to process or adjudicate an adjustment application and that this duty supports a mandamus action. Song v. Klapakas, No. 06-5589, 2007 U.S. Dist. LEXIS 27203, at *9-10 (E.D. Pa. April 12, 2007).  These courts have held that "even though the actual decision to grant or deny an application for adjustment is discretionary, U.S.C.I.S. has a non-discretionary duty to act on applications within a reasonable time." Id.  See Haidari v. Frazier, No. 06-3215, 2006 U.S. Dist. LEXIS 89177 (D. Minn. Dec. 8, 2006); Paunescu v. INS, 76 F. Supp. 2d 896, 901 (N.D. Ill. 1999).  This Court finds this reasoning most persuasive, and so, denies Defendants' motion on this basis.

     B.    *8 U.S.C. § 1252(a)(2)(B) Does Not Bar Jurisdiction*

Defendants contend that Section 1255(a)(2)(B) precludes judicial review.  Some courts, including a recent decision by the Hon. Dickinson R. Debevoise, of our Court, have found this provision of the INA to preclude judicial review of the entire application process.  See Serrano v. Quarantillo, No. 06-5221, 2007 U.S. Dist. LEXIS 26310 (D.N.J. Apr. 9, 2007) (finding the court

did not have jurisdiction to review the actions or inactions of the Attorney General because 8 U.S.C. § 1255 "provides that an alien's status may be adjusted...in his/her discretion"). The Serrano court agreed with the holding in Safadi v. Howard, 466 F. Supp. 2d 696 (E.D. Va. 2006), in finding that "the term 'action' in the statute 'encompasses the *entire* process of reviewing an adjustment application, including the completion of background and security checks and the pace at which the process proceeds.'" The Safadi court emphasized that the U.S.C.I.S. must carefully and thoroughly investigate adjustment applications. The Serrano decision is based, in large part, upon evidence provided by the Defendants showing that they were "actively processing" the applications. Serrano, 2007 U.S. Dist. 26310, at *10 (quoting Safadi, 466 F. Supp. 2d at 700-701).

While this Court certainly recognizes the significant duty and responsibilities involved in reviewing I-485 applications, it finds the reasoning in Pool v. Gonzales more persuasive in the context of the facts before this Court. In Pool, a husband and wife filed an I-130 preference petition and an I-485 adjustment of status application with the U.S.C.I.S. Id. Plaintiffs submitted several inquiry requests with the U.S.C.I.S. but, as is the case here, were simply told that their background checks were not complete. Id. Over two years later, Plaintiffs filed a petition with this Court alleging violation of the APA and seeking mandamus relief. Id.

The court in Pool found that Section 1252(a)(2)(B) did not deprive the court of subject matter jurisdiction because the APA imposes a duty upon defendants to adjudicate applications within a reasonable time frame. As stated in 5 U.S.C. §§555(b), the APA requires that "within a reasonable time, each agency shall proceed to conclude a matter presented to it." Id. at *7. Therefore, although "federal courts may not review a decision by the U.S.C.I.S. to approve or

deny an application...the obligation of the U.S.C.I.S. to process applications is not discretionary and is reviewable by this Court." Id.

As in Pool, Defendants have not provided a satisfactory explanation for the delay in processing Plaintiffs' applications.  As other courts have warned, issuing a writ of mandamus to compel agency decision making could encourage applicants to use federal courts as a means to shuffle to the front of the application line. Feng Li v. Gonzalez, 06-5911, 2007 U.S. Dist. LEXIS 32608, *22 (D.N.J. May 3, 2007).  See also Manzoor v. Chertoff, 472 F. Supp. 2d 801, 809 (E.D. Va. 2007) (stating the court did not want to encourage applicants to file in federal court as a means to expedite the naturalization process).  However, without further evidence from Defendants it is unclear why Plaintiffs' applications have stagnated or otherwise have not been processed.  Pool, 2007 U.S. Dist. 39946, at *9.

As was aptly stated in Pool, "the Government 'simply does not possess unfettered discretion to relegate aliens to a state of 'limbo,' leaving them to languish there indefinitely. This result is explicitly foreclosed by the APA." Id. at *8 (quoting Salehian v. Novak, No. 06-CV-49, 2006 U.S. Dist. LEXIS 77028, at *9 (D. Conn. Oct. 23, 2006)) (quoting Kim v. Ashcroft, 340 F. Supp. 2d 384, 292 (S.D.N.Y. 2004)).   Thus, for the above reasons, this Court finds the duty to process applications within a reasonable time to be a non-discretionary duty imposed by the APA and reviewable through the mandamus statute.

C.    *8 U.S.C. 1252(g) Does Not Bar Jurisdiction*

The Defendants also argue that Section 1252(g) precludes jurisdiction.   While Defendants are correct in that Section 1252(g) does remove certain matters from the ambit of judicial review, the section is only applicable in three narrow instances.  The matter before the

Court does not fit within one of the three instances, Section 1252(g) does not bar jurisdiction.

Defendants rely on <u>Gomez-Chavez v. Perryman</u>, 308 F.3d 796 (7th Cir. 2002) in arguing that Section 1252(g) precludes jurisdiction.  In <u>Gomez-Chavez</u>, the Seventh Circuit affirmed the decision of the district court, finding that 8 U.S.C. § 1252(g) bars a plaintiff from obtaining an order commanding the INS to adjust his status.  Significantly, as Defendants mention, the Seventh Circuit noted that Section 1252(g) applies not only to affirmative actions, but to refusals to act as well.  Thus, "an alien attempting to achieve judicial review of such discretionary measures may not avoid the § 1252(g) bar by...recharacterizing a claim as one challenging a refusal to act." <u>Id.</u> at 800.

However, Section 1252(g) only applies to situations "arising from all past, pending, or future exclusion, deportation, or removal proceedings." <u>Reno v. American-Arab Anti-Discrimination Committee</u>, 525 U.S. 471, 943 (1999).  Thus, although the language of Section 1252(g) which states "...no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General...to adjudicate cases..." appears broad, this is not the case.  "Instead this section is to be read narrowly and precisely." <u>Sabhari v. Reno</u>, 197 F.3d 938, 942 (8th Cir. 1999).  Section 1252(g) cannot be used to bar jurisdiction because Plaintiffs' adjustment of status application has nothing to do with the deportation process.

## IV.   CONCLUSION

Based on the foregoing,  Defendants' motion to dismiss is **denied**.  Defendants must either adjudicate Plaintiffs' applications or provide a satisfactory explanation for its delay in doing so.

S/ Dennis M. Cavanaugh<br>
Dennis M. Cavanaugh, U.S.D.J.

Date:       July   10  , 2007
Orig.:      Clerk
cc:         Counsel of Record
            The Honorable Mark Falk, U.S.M.J.